United States District Court
Southern District of Texas
**ENTERED**
March 18, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| ROSALINDA HERRERA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 5:15-cv-148 |
| | § | |
| STATE FARM LLOYDS, | § | |
| Defendant. | § | |

MEMORANDUM AND ORDER

Pending before the Court are three motions: (1) Plaintiff Rosalinda Herrera's ("Herrera") Motion to Abate (Dkt. 16), (2) Defendant State Farm Lloyds's ("State Farm") Motion for Summary Judgment (Dkt. 18), and (3) Herrera's Motion to Compel Appraisal (Dkt. 20). Based on the following, the Court will grant Herrera's motions and grant State Farm's summary judgment motion in part.

BACKGROUND

This case involves an insurance contract between Herrera and State Farm, covering a rental home in southern Laredo, Texas, owned and managed by Herrera. Herrera claims the property suffered "incredible" hail damage on March 30, 2013. She alleges breach of contract and other causes of action due to State Farm's failure to pay under the contract.

I. Procedural History

Herrera filed this lawsuit in the 406th Judicial District of Webb County, Texas, on June 1, 2015. (Dkt. 1 at p. 15.) State

Farm was served with process on July 13, 2015, and removed this case to federal court on the basis of federal diversity jurisdiction on July 31, 2015. (Id. at p. 1.) On January 8, 2016, Herrera invoked her contractual right to appraisal. (Dkt. 16 at p. 1.) The contract's appraisal clause operates similarly to an arbitration clause, allowing the parties to appoint third-party neutrals to determine the amount of loss. (Dkt. 18-1 at p. 20.) On January 11, 2016, Herrera filed a motion to abate this proceeding pending appraisal. (Id.) State Farm moved for summary judgment two days later (Dkt. 18), and Herrera moved to compel appraisal (Dkt. 20) six days after that. On March 9, 2016, State Farm moved to compel Herrera to respond to certain discovery requests concerning the amount of damage and when the damage occurred. (Dkt. 26.) Herrera's only response to State Farm's summary judgment motion is her motion to compel appraisal. She has not responded to the merits of State Farm's summary judgment motion.

II.   Factual Background

State Farm supports its summary judgment motion with the following evidence: the insurance contract (Dkt. 18-1), State Farm's internal records of the appraisal of Herrera's property (Dkt. 18-2), Herrera's independent appraiser's findings and other correspondence between the parties including photos of Herrera's property (Dkt. 18-3, 18-4, 18-5), Herrera's invocation of her

contractual appraisal rights (18-7), and a signed statement by State Farm team manager Jennifer Flores summarizing State Farm's business records (Dkt. 19).

Since Herrera failed to offer countervailing evidence, the Court accepts the facts supported by this evidence as undisputed for the purposes of this motion.  See Eversley v. MBank Dallas, 843 F.2d 172, 174 (5th Cir. 1988).  Herrera first notified State Farm of the alleged hail damage on March 1, 2015, almost two years after the alleged damage occurred on March 30, 2013.  (Dkt. 18-2 at p. 23-24.)  State Farm dispatched a claims representative to Herrera's property on March 10, 2015.  (Id. at p. 21.)  The representative, along with Herrera's contractor and son, inspected the exterior of the property, finding signs of light hail damage on some sections of the roof.  (Id. at p. 20-21.)  The representative did not inspect the interior of the building because Herrera did not claim any damage to the interior, but he offered to return if any interior damage was later discovered.  (Id.)

The representative estimated the amount of loss at $499.58, below the insurance policy's deductible amount.  (Id.)  He discussed this with Herrera's son two days after the inspection, explaining the difference between the covered losses, wear-and-tear, and deterioration.  (Id.)  State Farm mailed Herrera its estimate and partial denial letter that same day.  (Id.)  Other than a brief phone conversation on March 14, 2015, State Farm did

not hear from Herrera again until May 27, 2015, when Herrera's attorney sent State Farm a letter demanding $29,962.12 under the Texas Deceptive Trade Practices Act ("DTPA"). (Id.) State Farm responded to this letter, reserving its rights and defenses while offering to re-inspect the property with Herrera and her attorney. (Dkt. 18-4 at p. 74.) Neither Herrera nor her attorney replied until the instant lawsuit was filed. (Dkt. 19 at p. 2.)

## ANALYSIS

Herrera brings claims against State Farm for negligence, breach of contract, violations of the DTPA, violations of the Texas Insurance Code, breach of the common-law duty of good faith and fair dealing, breach of fiduciary duty, unfair insurance practices, misrepresentation, and common-law fraud by negligent misrepresentation. State Farm moves for summary judgment on all claims. At the same time, Herrera moves to compel appraisal, urging the Court to wait until after the appraisal process to rule on State Farm's Motion for Summary Judgment. The Court will grant summary judgment as to some claims but not the breach-of-contract claim.

I. Motion for Summary Judgment

A party moving for summary judgment must demonstrate that there is no genuine issue of material fact and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The movant bears the initial burden of informing the court of the basis of the

motion and identifying the evidence in support. Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2553 (1986). Once that burden is met, the non-movant must present sufficient evidence that a reasonable jury could find for the non-movant. Fordoche, Inc. v. Texaco, Inc., 463 F.3d 388, 392 (5th Cir. 2006).

When deciding a motion for summary judgment, a court views the facts in the light most favorable to the nonmovant. Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2513 (1986). Mere conclusory allegations are not sufficient to defeat a motion for summary judgment, Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1994), nor are unsubstantiated assertions, improbable inferences, or unsupported speculation. Forsyth v. Barr, 19 F.3d 1527, 1533 (5th Cir. 1994).

A. Breach of Contract

State Farm claims it is not liable under the contract because Herrera breached the prompt-notice provision, a condition precedent to coverage. (Dkt. 18 at p. 1.) Herrera does not respond.

A movant seeking summary judgment on an affirmative defense must establish all the elements of the defense. Tyler v. Cedar Hill Indep. Sch. Dist., 426 F. App'x 306, 308 (5th Cir. 2011). Under Texas law, an insurer is excused from performing under an insurance contract if the insured commits a material breach of a prompt-notice provision. PAJ, Inc. v. Hanover Ins. Co., 243 S.W.3d 630, 632 (Tex. 2008). State Farm must show that (1) Herrera

5/13

breached the contract's prompt-notice provision, and (2) the breach was material. See Lennar Corp. v. Markel Am. Ins. Co., 413 S.W.3d 750, 755 (Tex. 2013); see also Ridglea Estate Condominium Ass'n v. Lexington Ins. Co., 415 F.3d 474, 480 (5th Cir. 2005). The provision in question reads:

> YOUR DUTIES AFTER LOSS. After a loss to which this insurance may apply, you shall see that the following duties are performed:
> a. give immediate notice to us or our agent . . . .

(Dkt. 18-1 at p. 19.)

When a contract fails to define "immediate notice," Texas courts require notice to be given within "a reasonable time." Ridglea, 415 F.3d at 479 (citing Stonewall Ins. Co. v. Modern Exploration, Inc., 757 S.W.2d 432, 435 (Tex.App.–Dallas 1988, no writ)). Unreasonable delay is typically a fact question, but when the relevant facts are not in dispute, a court may find a delay in notification unreasonable as a matter of law. Cont'l Sav. Ass'n v. U.S. Fidelity and Guar. Co., 762 F.2d 1239, 1240 (5th Cir. 1985). Other federal courts interpreting Texas law have found unreasonable delays of 6 months, Flores v. Allstate, 278 F.Supp.2d 810, 815 (S.D. Tex. 2003), 6 years, Ridglea, 415 F.3d at 478, and 522 days, Telez v. Encompass Ins. Co. of Am., No. 5:02-cv-214, 2004 WL 742912 (E.D. Tex. 2004).

Herrera waited approximately 700 days to inform State Farm of the "incredible damage" to her property. Herrera offers no

explanation for this delay. The Court finds this delay unreasonable as a matter of law. Therefore, Herrera has breached the prompt-notice provision.

Next, the Court must decide whether this breach is material. "[T]he materiality of an insured's breach is determined by several factors, including the extent to which the breach deprived the insurer of the benefit that it reasonably could have anticipated from the full performance by the insured." Greene v. Farmers Ins. Exchange, 446 S.W.3d 761, 768 (Tex. 2014). "If the insurer receives its reasonably anticipated benefit despite the insured's breach, the breach is immaterial, the insurer is not prejudiced, and the insurer is not excused from performance." (Id.)

The Fifth Circuit, interpreting Texas law, has held that the reasonably anticipated benefit of a prompt-notice provision is the ability "to investigate the incident close in time to the occurrence, while the evidence is fresh, [] so that it may accurately determine its rights and liabilities under the policy (and take appropriate remedial action)." Alaniz v. Sirius Int'l Ins. Corp., 626 F. App'x 73, 78 (5th Cir. 2015). Further, "in order for an insured's breach to defeat coverage, the breach must prejudice the insurer in some tangible way." Berkley Reg'l Ins. Co. v. Phila. Indem. Ins. Co., 690 F.3d 342, 349 (5th Cir. 2012). This tangible prejudice must rise above mere inability to use normal procedures when evaluating the claim, and "courts are

powerless to bridge the gap between the creation of an environment in which prejudice *could* occur and the requisite prejudice showing." Tumble Steel Erectors, Inc. v. Moss, 304 F. App'x 236, 244 (5th Cir. 2008).

Despite State Farm's argument that "there is ample evidence of prejudice to State Farm caused by Plaintiff's delay in reporting her claim" (Dkt. 18 at p. 7), State Farm provides no specific evidence of prejudice. Instead, State Farm asks the Court to bridge the very gap the Fifth Circuit says it cannot cross, arguing essentially that State Farm must necessarily have been prejudiced by a two-year delay in reporting the damage. Certainly, it is curious that while Herrera claims "incredible damage due to storm related conditions" (Dkt. 1 at p. 16) and "extreme external and internal damage" (Id. at p. 20), she did not report the damages for almost two years. Nevertheless, there is at least some evidence that State Farm was not prejudiced. Its representative was able to investigate the property, differentiate between hail damage and wear-and-tear, and determine the amount of loss. (Dkt. 18-2 at pp. 20–23; 18-5.) Under these circumstances, the Court cannot find as a matter of law that Herrera's breach of the prompt-notice provision was material. Accordingly, summary judgment will be denied as to breach-of-contract claim.

### B. Extra-contractual Claims

State Farm also moves for summary judgment on Herrera's extra-contractual claims. The Court finds that summary judgment is appropriate as to all these claims.

#### 1. Negligence

Herrera alleges that State Farm negligently breached a duty to properly adjust the insurance losses associated with her property. (Dkt. 1 at p. 19.) When a duty arises solely under a contract, its breach gives rise to a cause of action under contract, not under tort. Sw. Bell Tel. Co. v. DeLanney, 809 S.W.2d 493, 494–95 (Tex. 1991). Because State Farm's alleged duty to appraise arises under the insurance policy, Herrera cannot bring an independent negligence claim alleging breach of this duty. Accordingly, summary judgment is proper as to this claim.

#### 2. Texas Deceptive Trade Practices Act (DTPA)

Herrera alleges a variety of violations of the DTPA. (Dkt. 1 at pp. 20–23.) The elements of a DTPA claim are "(1) the plaintiff is a consumer, (2) the defendant engaged in false, misleading, or deceptive acts, and (3) these acts constituted a producing cause of the consumer's damages." Doe v. Boys Clubs of Greater Dallas, Inc., 907 S.W.2d 472, 478 (Tex. 1995). The undisputed evidence shows that State Farm sent a representative to Herrera's property ten days after she reported the alleged damage. (Dkt. 18-2 at p. 21.) The representative inspected the property, determined the

amount of loss, and relayed that amount to Herrera's son. (Id. at pp. 20-21.) There is no evidence of any damage-producing "false, misleading, or deceptive acts." Herrera does not even allege specific wrongful acts, instead relying on conclusory, generalized allegations. (Dkt. 1 at pp. 20-23.) These conclusory allegations are not sufficient to survive summary judgment.

    3. <u>Texas Insurance Code</u>

Herrera next alleges unfair settlement practices, misrepresentation of an insurance policy, and failure to promptly pay in violation of Tex. Ins. Code §§541.061, 541.060, and 542.058. (Dkt. 1 at p. 23.) Mere denial of a claim does not violate the insurance code if there is a reasonable basis for the denial. <u>Provident Am. Ins. Co. v. Castaneda</u>, 988 S.W.2d 189, 198 (Tex. 1998). The evidence shows that State Farm promptly investigated the insurance claim and denied the claim because State Farm calculated the amount of loss to be below the policy's deductible. (Dkt. 18-2 at pp. 18-24.) Although this valuation of the claim was unacceptable to Herrera, it is not inherently unreasonable. Therefore, State Farm had a reasonable basis for its denial of Herrera's claim. There is no evidence of bad faith on the part of State Farm, and Herrera's broad, conclusory allegations are not sufficient to survive summary judgment. Accordingly, summary judgment is appropriate on Herrera's claims under the Texas Insurance Code.

### 4. Common-Law Claims

Herrera alleges breach of the common-law duty of good faith and fair dealing, breach of fiduciary duty, unfair insurance practices, misrepresentation, and fraud. (Dkt. 1 at pp. 25–29.) These claims simply restate Herrera's statutory DTPA and Texas Insurance Code claims, couching them as separate common-law causes of action. They fail for the same reasons those other claims fail. The evidence indicates that State Farm timely investigated Herrera's claim, explained its findings to Herrera's son and contractor, and attempted to resolve the claim. (Dkt. 18-2 at pp. 18–24.) When Herrera's attorney notified State Farm of her intent to sue, State Farm offered to re-inspect the property with Herrera and her attorney present. (Dkt. 18-4 at p. 74.) There is no evidence of bad faith or misrepresentation. Herrera once again relies only on broad, generalized, conclusory allegations that are not sufficient to survive summary judgment. Therefore, summary judgment is appropriate as to these claims.

### II. Herrera's Motions

Herrera moves to abate these proceedings and to compel appraisal. On January 8, 2016, Herrera invoked the appraisal clause contained in the insurance contract at issue. That clause reads:

> APPRAISAL. If you and we fail to agree on the amount of loss, either one can demand that the amount of the loss be set by appraisal. If either makes a written demand for

>   appraisal, each shall select a competent, independent appraiser and notify the other of the appraiser's identity within 20 days of receipt of the written demand. The two appraisers shall then select a competent, impartial umpire. If the two appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state where the residence premises is located to select an umpire. The appraisers shall then set the amount of the loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon shall be the amount of the loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. Written agreement signed by any two of these three shall set the amount of the loss. Each appraiser shall be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire shall be paid equally by you and us.

(Dkt. 18-1 at p. 20.)  The Texas Supreme Court strongly favors enforcing such clauses, holding, "[u]nless the amount of loss will never be needed . . . appraisals should generally go forward without preemptive intervention by the courts." State Farm Lloyds v. Johnson, 290 S.W.3d 886, 895 (Tex. 2009).  The Court will therefore abate this case and order the parties to undergo the procedure outlined in the appraisal clause.

## CONCLUSION

Accordingly, Herrera's Motion to Abate (Dkt. 16) and Motion to Compel Appraisal (Dkt. 20) are GRANTED.  This case is STAYED pending the completion of the appraisal process outlined in the insurance policy.  The contractual 20-day period in which the parties must identify their chosen appraiser begins to run from the date this order is entered.

12/13

Moreover, the parties are ORDERED to advise the Court on the status of the appraisal process 60 days after the entry of this order. The parties are also ORDERED to advise the Court when the appraisal process is complete, at which time the Court will lift the stay.

State Farm's Motion for Summary Judgment (Dkt. 18) is GRANTED as to the extra-contractual claims discussed above in Subsection B. Those claims are DISMISSED.

DONE at Laredo, Texas, this 18th day of March, 2016.

_____
George P. Kazen
Senior United States District Judge